UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN A. DUKES,

      Plaintiff,

      v.

MONROE COUNTY JAIL POLICE
DEPARTMENT (Employees);
CORPORAL DAVID GERTIN, Monroe
County Jail Police Department
(Employees); DEPUTY LOMBARDO;
DEPUTY HUNTER MOROLLA; and
COUNTY OF MONROE,[1]

      Defendants.

_____

24-CV-640 (JLS)

## DECISION AND ORDER

*Pro se* Plaintiff Kevin Dukes is a prisoner confined at the Orleans

Correctional Facility and filed this action pursuant to 42 U.S.C. § 1983 alleging

that, while awaiting sentencing at the Monroe County Jail, he was assaulted by

other inmates, and that jail staff failed to protect him. Dkt. 1. He has also filed a

motion to proceed *in forma pauperis* ("IFP") with the required affirmation,

certification, and authorization. Dkt. 18.

Since Plaintiff filed the complaint and prior to any screening, he filed an

amended complaint (Dkt. 5) and a second amended complaint (Dkt. 14). While the

second amended complaint is the most recent filing and the operative pleading, the

_____

[1] The Clerk of Court is directed to amend the caption as it appears above.

Court will construe the second amended complaint as incorporating the facts presented in the amended complaint and the original complaint to provide context for the lawsuit.[2]

Plaintiff has also since filed a "second action," *Dukes v. Gertin, et al.*, 25-CV-237 (JLS), that has been consolidated into this action. Dkt. 21. The complaint in the second action has been deemed a supplemental complaint in this action. *Id.*

Because Plaintiff meets the requirements of 28 U.S.C. § 1915(a) and has filed the required documents, he is granted permission to proceed IFP. The Court therefore screens his second amended complaint, as supplemented, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

For the reasons below, Plaintiff's failure to protect claim may proceed to service against Deputy Hunter Morolla, Deputy Lombardo, and Corporal David Gertin in their individual capacities, and his claims against these Defendants in their official capacities, as well as his claims against the Monroe County Jail Department, are dismissed without leave to amend. Plaintiff's claims against Monroe County are dismissed with leave to file a third amended complaint.

---

[2] An account of the alleged facts is contained in an attachment to the amended complaint, which appears to be a state court pleading. Dkt. 5-1 at 20-27. This attachment will be referenced in the facts section.

<u>**DISCUSSION**</u>

## I.    LEGAL STANDARDS

### A.    Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### B.    Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

4

### C.    Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, . . . violated the Constitution." *Id.* (quoting *Iqbal,* 556 U.S. at 676).

### D.    Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however

unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II.   The Allegations

Plaintiff is a member of the "Crips" gang. Dkt. 22, at 28. On May 14, 2024, at 9:05 p.m. while Plaintiff was awaiting sentencing at the Monroe County Jail, he was assaulted by another inmate, Paul James, a member of the rival "Bloods" gang. Dkt. 14 at 5; Dkt. 5-1 at 25.[3] Plaintiff alleges that Lombardo was "working the 3-11 shift" when the assault occurred. Dkt. 1 at 19; Dkt. 5-1 at 23.

According to Plaintiff, Gertin and Morolla both had "first hand knowledge that inmate Paul James had an issue with [him] due to [them] being rival gang members." Dkt. 22 at 27, ¶17. For instance, on May 1, 2024, Gertin wrote up an incident where Plaintiff was attacked by Webster Blecher, a rival Bloods gang member. *Id.* at 27-28, ¶17. Plaintiff also alleges that James assaulted another

---

[3] The complaint, the amended complaint, and the second amended complaint include attached exhibits. To the extent that the attached exhibits are relevant to the incidents described in the complaint, the amended complaint, and the second amended complaint and their attachments, the Court will consider them. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

inmate on the day prior to assaulting Plaintiff. Dkt. 5-1 at 20. The inmate James assaulted was moved to another area, but James remained near Plaintiff. *Id.* at 23.

Shortly before the May 14, 2024 assault, James "yell[ed] out threats" to the effect that he was going to "clean the pit up" with "how shit is going on." *Id.* Later that day, Plaintiff was walking while holding his tablet when James walked up to him and knocked him unconscious, kicking him and punching him in the face and ribs. *Id.*

During the assault, Lombardo, Morolla, Gertin, and several other officers stood outside of the unit, yelling for other inmates to "lock in" and yelling for James and Plaintiff to cease fighting. *Id.* at 23-24. Plaintiff alleges that they did not assist him until the fight had stopped. *Id.* at 24.

Plaintiff was taken to Strong Memorial Hospital where he was given pain medication and a CT scan. *Id.* It was determined that Plaintiff had multiple broken facial bones. *Id.* at 25.

## III. Plaintiff's Claims

Liberally construed, Plaintiff alleges failure to protect and state law negligent hiring and retention claims.

### A. Municipal Defendants

Plaintiff names "Monroe County Jail Police Department" as a defendant in this action. Dkt. 14 at 1. Even if there was such an entity, it would be an administrative "arm[ ] of the Count[y]" that does not have a legal identity "separate and apart from the Count[y]." *Sanchez-Martin v. Allegany County Jail*, No. 11–CV–

0568M, 2012 WL 360014, at *2 (W.D.N.Y. Feb. 1, 2012).  Therefore, the Monroe County Jail Police Department is dismissed as a defendant from this action.

Plaintiff has also sued the individual Monroe County Jail officials in their official capacity, which "is functionally equivalent" to a suit against their employer—Monroe County. *Baines v. Masiello,* 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003) (citing, *inter alia, Kentucky v. Graham,* 473 U.S. 159, 166 (1985)).  The official capacity claims are therefore dismissed as "duplicative and redundant." *DeJean v. County of Nassau,* No. CV-06-6317(SJF)(AKT), 2008 WL 111187, at *5 (E.D.N.Y. Jan. 8, 2008).

A municipality such as Monroe County cannot be held liable under Section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

8

*Kurmangaliyev v. City of New York*, 22-CV-5656(LDH), 2023 WL 8654023, at *2 (E.D.N.Y. Dec. 14, 2023) (citing cases).

Dukes alleges that "[t]he negligent hiring and retention of the defendant[]s . . . proximately caused damage[]s to the plaintiff described above." Dkt. 22 at 29, ¶ 22. In other words, the basis for Plaintiff's theory of *Monell* liability is that the County had either a formal or informal policy that permitted the hiring and retention of individuals who would fail to protect inmates in the Monroe County Jail. But nothing in the complaint suggests a policy that permits the hiring and retention of individuals who would fail to protect inmates. Consequently, this claim is dismissed, but with leave to amend.

**B.    Failure to Protect**

Plaintiff alleges that Lombardo, Morolla, and Gertin failed to protect him from James's attack. Dkt. 5-1 at 25-26.

Plaintiff alleges that he was awaiting sentencing when the assault occurred. Dkt. 14 at 4; *see also* Dkt. 22 at 5 (identifying himself as a convicted and sentenced state prisoner). He is thus treated as a convicted prisoner. *See Morrison v. United States*, 17-cv-6779, 2019 WL 5295119, at *4 (S.D.N.Y. Oct. 18, 2019) ("While the constitutional status of convicted but not sentenced defendants remains an unanswered question in this circuit, district courts apply the Eighth Amendment to [deliberate indifference claims]." (citing cases)); *see also Williams v. Freyermuth,* No. 23-CV-02156(PMH), 2025 WL 1369399, at *4 (S.D.N.Y. May 9, 2025) (siding "with the 'weight of [ ] authority' within and outside of this Circuit that have analyzed

9

claims of a convicted, but not sentenced, defendant under the Eighth Amendment."
(quoting *Stewart v. Schiro*, No. 13-CV-03613, 2015 WL 1854198, at *11 (E.D.N.Y.
Apr. 22, 2015) (collecting cases)); *Gambino v. Payne*, No. 112-CV-00824(JLS)(MJR),
2021 WL 8016751, at *13 n.12 (W.D.N.Y. Mar. 9, 2021) (characterizing the plaintiff
as a pretrial detainee prior to his conviction), *report and recommendation adopted*,
2022 WL 1090606 (W.D.N.Y. Apr. 11, 2022).

The Eighth Amendment requires prison officials to take reasonable measures
to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S.
825, 833 (1994). The assessment of whether the measures taken are reasonable
turns on an analysis of two factors. First, "the inmate must show that he is
incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834.
A substantial risk of serious harm may arise from "from either 'a specific assailant'
or 'a more general risk of harm due to the conditions at the time of the attack'."
*Dietrich v. County of Orange*, No. 19-CV-10485 (CS), 2020 WL 5209816, at *3
(S.D.N.Y. Sept. 1, 2020) (citation omitted).

Second, the officials must be shown to have demonstrated deliberate
indifference to the inmate's safety. *Farmer*, 511 U.S. at 833. Deliberate
indifference is measured subjectively, meaning "a prison official cannot be found
liable under the Eighth Amendment . . . unless the official knows of and disregards
an excessive risk to [the] inmate['s] health or safety; the official must both be aware
of facts from which the inference could be drawn that a substantial risk of serious
harm exists, and he must also draw the inference. *Id.* at 837. "[T]o state a

10

cognizable [S]ection 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

"A plaintiff may . . . state a claim for deliberate indifference based on a failure to protect him against a general risk of harm to all inmates at the facility" by alleging that "the defendants knew of a history of prior inmate-on-inmate attacks similar to the one suffered by the plaintiff and that the measures they should have taken in response to such prior attacks would have prevented the attack on the plaintiff." *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013). It is well established that prison officials cannot be deliberately indifferent to surprise attacks. *Id.*

At this stage, Plaintiff has alleged a colorable failure-to-protect claim against Lombardo, Morolla, and Gertin. He alleges that they "had first hand knowledge that . . . James had an issue with [him] due to [them] being rival gang members." Dkt 5-1 at 25. They were also present as James made threats to the unit shortly before the assault, and Gertin knew that Plaintiff recently had an altercation with another member of James's gang. *Id.* at 23, 25. This, coupled with James's assault on another inmate the previous day, provides some support for the conclusion that the attack on Plaintiff was not a surprise and that there was a generalized threat of assault by James against Plaintiff. This claim may proceed to service against Morolla, Lombardo, and Gertin. In permitting this claim to proceed, however, the

11

Court takes no position on whether this claim would survive a motion to dismiss or any other motion.

### C.   Negligent Hiring and Retention

"'[I]n contrast to claims brought under 42 U.S.C. § 1983, *respondeat superior* liability does apply to claims brought under New York state law against municipalities." *Case v. Anderson*, No. 16 CIV. 983 (NSR), 2017 WL 3701863, at *25 (S.D.N.Y. Aug. 25, 2017) (quoting *Aponte v. City of New York*, No. 14 Civ. 3989 (KMK), 2016 WL 5394754, at *7 (S.D.N.Y. Sept. 26, 2016)).  Consequently, Plaintiff presumably brings his negligent hiring claims under New York State law, and not pursuant to 42 U.S.C. § 1983.

"[I]n addition to the standard elements of negligence" (*i.e.*, a duty owed to plaintiff, a breach of that duty, and injury proximately resulting from the breach), a plaintiff asserting a negligent hiring or retention claim under New York law, must allege:

> "(1) that the tortfeasor and the defendant were in an employee-employer relationship, (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels."

*Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citation modified). Additionally, "[i]t is well settled under New York law that a claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of her employment." *Newton v. City of New York*, 681 F. Supp. 2d 473, 488 (S.D.N.Y. 2010) (citation modified).

The conclusory allegations of the complaint fail to plausibly allege a state law claim of negligent hiring and retention. Plaintiff may replead this claim in a third amended complaint.

## CONCLUSION

For the reasons above, Plaintiff's Eighth Amendment failure to protect claim may proceed against Lombardo, Gertin, and Morolla. Plaintiff may file a third amended complaint **within 45 days of the date of this Order** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that a third amended complaint **completely replaces** the prior complaints in the action, and thus it "renders [any prior complaints] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any third amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

13

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to proceed IFP, Dkt. 18, is GRANTED, and it is further

ORDERED that Plaintiff's failure to protect claims against Lombardo, Morolla, and Gertin in their individual capacities may proceed to service; and it is further

ORDERED that the Monroe County Jail Police Department and the official capacity claims against the individual defendants are dismissed from this action without leave to amend and the Clerk of Court is directed to terminate the Monroe County Jail Police Department from the action; and it is further

ORDERED that the claims against the County of Monroe and the state law negligent hiring and retention claims are dismissed, but with leave to amend; and it is further

ORDERED that Plaintiff is granted leave to file a third amended complaint within **45 days** of the date of this order only as directed above; and it is further

ORDERED that the Clerk of the Court shall send to Plaintiff with this order a copy of the original complaint, Dkt. 1, the amended complaint, Dkt. 5, the second amended complaint, Dkt. 14, the supplemental complaint, Dkt. 22, a blank section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further[4]

---

[4] If Plaintiff files a third amended complaint as directed in this screening order, service will be deferred until such time as the Court has screened the third amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

14

ORDERED that if Plaintiff fails to file a third amended complaint as directed above, all of the claims dismissed herein with leave to amend will be dismissed with prejudice; and it is further

ORDERED that that if Plaintiff does not file a third amended complaint by the deadline set by the Court, the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the summons, the complaint, amended complaint, second amended complaint, supplemental complaint, and this Decision and Order upon defendants Gertin, Morolla, and Lombardo; without Plaintiff's payment thereof, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (1997) the Monroe County Attorney is requested to ascertain the full name, with correct spelling, and last known service address of Corporal David Gertin, Deputy Lombardo, and Deputy Hunter Morolla, within 30 days of the date of this Order. The County Attorney need not undertake to defend or indemnify these individuals at this time. Rather, this Order merely provides a means by which Plaintiff may name and properly serve these defendants, as instructed by the Second Circuit in *Valentin*.

The County Attorney shall produce the information specified above within 30 days of the date of this screening order either electronically in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents" or by mail to the *Pro Se* Litigation Unit, United States District Court, 100 State Street, Rochester, New York 14614.

Upon receipt of this information, the Clerk of the Court shall amend the caption of this action to reflect the full names of these defendants;[5] and it is further

ORDERED that the Clerk of the Court shall forward a copy of the complaint, amended complaint, second amended complaint, supplemental complaint, and this Decision and Order by email to Deputy County Attorney Alissa Brennan at alissabrennan@monroecounty.gov; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g)(2), Corporal David Gertin, Deputy Lombardo, and Deputy Hunter Morolla shall answer or respond to the remaining claim(s) of the operative complaint; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes.  Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:      August 11, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Responses filed electronically in CM/ECF are reviewed by Court personnel before being made public.